OPINION *Page 2 
{¶ 1} Defendant-appellant Stephen R. Farley appeals the Judgment Entry entered by the Holmes County Municipal Court, which granted default judgment to plaintiff-appellee Keim Lumber Co. in the amount of $1198.40, plus interest and costs.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 1, 2004, Appellant broke into and stole personal property of Appellee. Appellant was convicted of breaking and entering, and ordered to pay restitution as part of his sentence.
 {¶ 3} On February 9, 2007, Appellee filed a civil action against Appellant in the Small Claims Division of the Holmes County Municipal Court. Appellant did not file an answer, but did file a motion to dismiss.
 {¶ 4} The matter came on for an evidentiary hearing, but Appellant did not appear as he was incarcerated. The trial court entered default judgment against Appellant. It is from that entry Appellant prosecutes this appeal, assigning as error:
 {¶ 5} "I. THE TRIAL COURT ERRED BY AWARDING REPARATIONS TO CLAIMANT BEYOND THE TWO YEAR STATUTORY TIME LIMIT VIOLATING APPELLANT'S CONSTITUTIONAL RIGHTS OF DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION COMMITTING JUDICIAL MISCONDUCT."
 I {¶ 6} This case comes to us on the accelerated calendar.
 {¶ 7} App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part: *Page 3 
 {¶ 8} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 9} This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 10} Appellant's argument is based upon his assertion the two year statute of limitations under R.C. 2743.60(A) applies. That statute governs claims in the Ohio Court of Claims for crime victims seeking reparation from the State of Ohio. It does not apply to civil actions against individuals which are filed in the municipal court.
 {¶ 11} Appellant's sole assignment of error is overruled.
 {¶ 12} The judgment of the Holmes County Municipal Court is affirmed.
 By: Hoffman, P.J. Farmer, J. and Delaney, J. concur *Page 4 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Holmes County Municipal Court is affirmed. Costs assessed to Appellant. *Page 1